IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

WILLIAM TUCKER, Individually and as
Personal Representative of the Estate of Leonel
Ivan Johnson, Deceased,

        **Plaintiff,**

v.                                       **No. CIV 06-332 BB/LAM**

FORD MOTOR COMPANY and CITY OF LEE'S
SUMMIT,

        **Defendants.**

MEMORANDUM OPINION
ON REMAND

       THIS is a wrongful death action arising out of a one-vehicle accident in which Leonel

Ivan Johnson died while driving in New Mexico. Mr. Johnson died in a rollover while driving

an F-150 pickup truck manufactured by Defendant, Ford Motor Company ("Ford"). The City

of Lee's Summit, Missouri ("City"), purchased the subject Ford vehicle in February 2001.

Plaintiff had acquired the vehicle from Defendant, which was selling the used vehicle at

auction. The City's police department used the vehicle as an animal control truck and sold it

at auction on June 19, 2004. Plaintiff sued both Ford and the City in New Mexico state court.

       On April 24, 2006, Ford removed this case to federal court on the basis that the City

was fraudulently joined for the purpose of defeating diversity jurisdiction. Plaintiff now seeks

to remand this case to state court.

<u>Discussion</u>

There is a presumption against diversity jurisdiction. *Martinez v. Martinez.*, 62 Fed. Appx. 309 (10th Cir. 2003); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).   A removing party who claims fraudulent joinder must therefore present authority to support the claim. *Houser v. Kurn*, 100 F.2d 488 (10th Cir. 1938); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004).   A party has been fraudulently joined if, based on plaintiff's pleadings at the time of removal, there is no possibility that the plaintiff can establish any cause of action against the non-diverse party. *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000); *Montaño v. Allstate Indemnity*, 211 F.3d 1278 (10th Cir. 2000).   This standard is more exacting than for dismissing a claim under Federal Rule of Civil Procedure 12(b)(6). *Batoff v. State Farm Ins. Co.*, 977 F.2d 848 (3d Cir. 1992); *Montaño*, 211 F.3d at 1278. A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for diversity purposes. *Id.; Couch v. Astec Indus., Inc.*, 71 F. Supp. 2d 1145 (D.N.M. 1999).

Defendant argues sovereign immunity protects the City, and therefore the City is only joined to defeat diversity.   Plaintiff responds that "[m]unicipal corporations do not enjoy sovereign immunity in tort while performing proprietary functions."   Pl.'s Mot. Remand p. 2.   Defendant counters that the sale of surplus vehicles is not a proprietary for profit venture on the part of the City and attaches an affidavit from the City's Finance Director in support of this argument.   Plaintiff cites no legal authority to support the argument that the sale of used City equipment is a proprietary rather than a governmental function, and the law from other jurisdictions is uniformly to the contrary. *See City of El Paso v. Gomez-Parra*, 198

2

S.W.3d 364 (Tex. Civ. App. 2006); *White v. City of Tupelo*, 462 So. 2d 707 (Miss. 1984); *cf.*

*Grayson County Bd. of Ed. v. Casey*, 157 S.W.3d 201, 202, 202 (Ky. 2005) (noting Court of

Appeals unappealed holding that sale of surplus property by School Board was governmental,

not proprietary).  Moreover, the Missouri Supreme Court generally recognizes a presumption

that cities are acting in a governmental capacity and places the burden on plaintiff to allege

a unique benefit to the municipality to qualify for the proprietary exception.  *State ex rel. Allen*

*v. Barker*, 581 S.W.2d 818, 825 (Mo. 1979); *Dallas v. St. Louis*, 338 S.W.2d 39, 44 (Mo. 1960).

This Plaintiff has failed to plead the sale of used City equipment was a proprietary venture.[1]

That leaves for resolution the closer question; *i.e.*, is it possible that the Missouri courts

would find a waiver of sovereign immunity for this situation under Section 537.600.1, R.S. Mo.

(1986).  In response to the Missouri Supreme Court abrogating sovereign immunity generally,[2]

the legislature restored the sovereign shield in the cited statute except in two situations:

> (1) Injuries directly resulting from the negligent acts or omissions by public
> employees arising out of the operation of motor vehicles or motorized vehicles
> within the course of their employment;
>
> (2) Injuries caused by the condition of a public entity's property if the plaintiff
> establishes that the property was in dangerous condition at the time of the
> injury, that the injury directly resulted from the dangerous condition, that the
> dangerous condition created a reasonably foreseeable risk of harm of the kind
> of injury which was incurred, and that either a negligent or wrongful act or
> omission of an employee of the public entity within the course of his
> employment created the dangerous condition or a public entity had actual or
> constructive notice of the dangerous condition in sufficient time prior to the
> injury to have taken measures to protect against the dangerous condition.  In
> any action under this subdivision wherein a plaintiff alleges that he was

---

[1]     Indeed, Plaintiff makes no allegations as to the circumstances surrounding the sale, only that the City
"sold the vehicle to Plaintiff."

[2]     *Jones v. State Highway Com'n*, 557 S.W.2d 225, 230 (Mo. 1977).

damaged by the negligent, defective or dangerous design of a highway or road, which was designed and constructed prior to September 12, 1977, the public entity shall be entitled to a defense which shall be a complete bar to recovery whenever the public entity can prove by a preponderance of the evidence that the alleged negligent, defective or dangerous design reasonably complied with highway and road design standards generally accepted at the time the rod or highway was designed and constructed.

Defendant correctly notes Plaintiff's decedent was not a public employee in the course of his employment at the time of the accident, so Section 537.600.1(1) clearly does not lift the City's sovereign immunity.  Application of Section 537.600.1(2) is, however, much more problematic.  In order to state a claim under (2) the "dangerous condition" exception to sovereign immunity, a plaintiff must be able to establish: (1) the public property is in dangerous condition; (2) plaintiff's injuries were a direct result of the dangerous condition; (3) that the dangerous condition created a reasonably foreseeable risk of harm of the type plaintiff incurred; and (4) that a public employee had actual or constructive knowledge of the dangerous condition.  Stacy L. Nagel, *Missouri's Mystifying Doctrine of Sovereign Immunity: The Imposition of Duty Under the Dangerous Condition Exception*, 64 Mo. L. Rev. 987, 999 (1999).  Although frequently employed to recover against governmental entities for poor highway maintenance or design, the term "property" has often been recognized to encompass both real and personal property.  *Warren v. State*, 939 S.W.2d 950 (Mo. App. 1997); *Alexander v. State*, 756 S.W.2d 539 (Mo. 1988); *Delmain v. Meramec Valley R-III Sch. Dist.*, 671 S.W.2d 415 (Mo. App. 1984).  Moreover, a dangerous condition may be established by an intrinsic but physical defect in the property.  *Martin v. Missouri Highway & Transp. Dep't*, 981 S.W.2d 577 (Mo. App. 1998); *Jones v. St. Louis Housing Auth.*, 726 S.W.2d 766 (Mo. App. 1987).

4

*Alexander*, 756 S.W.2d at 542.  **Plaintiff's complaint thus seems to meet each of these conditions.**

It is not clear, at this stage, Plaintiff can sustain its burden to establish a claim that falls within the dangerous condition exception to the City's sovereign immunity, but based on the pleadings there appears to be the legal possibility of recovery.  *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746 (5th Cir. 1996); *Moody Nat'l Bank of Galveston v. St. Paul Mercury Ins. Co.*, 193 F. Supp. 2d 995 (S.D. Tex. 2002).  If Plaintiff is unable to secure jurisdiction over the City or the claims against the City are otherwise disposed of, this order is without prejudice to renewed proceedings.

<u>Disposition</u>

For the above stated reasons, Plaintiff's Motion to Remand will be GRANTED.

DATED this 8th day of December, 2006.

BRUCE D. BLACK
United States District Judge

For Plaintiff:
        Gilbert Arrazolo, ARRAZOLO LAW, Albuquerque, NM
        James B. Ragan, Corpus Christi, TX

For Defendant:
        Jeffrey M. Croasdell, Jessica M. Hernandez, THE RODEY LAW FIRM, Albuquerque, NM